SUMMARY ORDER

Petitioners Wei Hua Xia and Chun Xi Wuang, natives and citizens of the People’s Republic of China, seek review of the April 1, 2008 order of the BIA affirming the June 19, 2007 decision of Immigration Judge (“IJ”) Noel A. Ferris denying their motion to reopen and to file a successive asylum application. In re Wei Hua Xia & Chun Xi Wuang, Nos. A075 832 351/077 482 381 (B.I.A. Apr. 1, 2008), aff'g Nos. A075 832 351/077 482 381 (Immig. Ct. N.Y. City, June 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s denial of a motion to reopen for abuse of discretion. See Azmond Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Petitioners’ untimely motion to reopen or in finding them ineligible to file a successive asylum application.
To the extent Petitioners moved, to reopen their removal proceedings based on changed circumstances arising in China, we find that the agency’s denial of their untimely and numerically-barred motion was not an abuse of discretion. See 8 U.S.C. § 1229a(c)(7)(C)(ii). Contrary to Petitioners’ arguments, there is no indication that the agency failed to provide sufficient consideration to the evidence they submitted in support of their motion. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (“[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.”). Moreover, we have previously reviewed the BIA’s consideration of evidence similar to that which Petitioners provided with their motion to reopen, and have found no error in the BIA’s conclusion that such evidence was insufficient to establish either materially changed coun *127 try conditions or an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 169-72.
Petitioners’ challenges to the agency’s denial of their motion to file a successive asylum ápplication are foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).